UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KENNETH WATFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.  15-1206 (RC) |
| | ) | |
| CHARLIE PETERSON, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on petitioner Kenneth Watford's Petition for a Writ of Habeas Corpus.  For the reasons discussed below, the petition will be denied.

### I. BACKGROUND

At the time the petitioner filed his Petition for a Writ of Habeas Corpus [ECF No. 1], he was detained at the Correctional Treatment Facility ("CTF") in Washington, D.C.  Pet. ¶ 1.  He found his way to the District of Columbia by Order of United States District Judge Peter Messitte of the District of Maryland.  *Id*. ¶¶ 3-4.  The petitioner had been detained prior to his criminal trial in the United States District Court for the District of Maryland, and that court granted his request for a transfer from the Chesapeake Detention Center in Maryland to the CTF.  *See* United States' Return to Order to Show Cause and Opposition to Motion to Stay [ECF No. 12] ("U.S. Resp."), Ex. III.[1]  To better understand the circumstances of the petitioner's detention, the respondent explained the criminal proceedings as follows:

---

[1]  On October 14, 2015, the Court denied the petitioner's Motion to Stay [ECF No. 9] this habeas matter pending resolution of the criminal case then pending in the District of Maryland.

1

      2.      On February 26, 2013, in the U.S. District Court for the District of Maryland, the government filed a criminal complaint charging Kenneth Wayne Watford with (1) wire fraud . . . ; (2) aggravated identity theft . . . ; and (3) [an offense commonly known as felon in possession of a firearm]. Following Watford's arrest on March 5, 2013, and a detention hearing on March 7, 2013, Maryland U.S. Magistrate Judge Charles B. Day admitted Watford to bail.

      3.      After beginning as case 8:13-mj-00403-CBD, the charges were merged into Maryland federal criminal case 8:12-cr-00623-PJM-3, when on April 15, 2013, a grand jury returned a superceding indictment joining Watford with codefendants Flinton Newton and Juan Carlos Willis. The original indictment against Newton and Willis had been handled up on December 3, 2012, but did not charge Watford. The superceding indictment charged [Watford] with: (1) unlawful conspiracy to commit wire fraud . . . ; (2) four wire fraud counts . . . ; (3) aggravated identity theft . . . ; and (4) [] felon-in-possession of a firearm[.] The case is before Senior U.S. District Judge Peter J. Messitte.

      4.      Although Watford originally had been released pending trial shortly after his arrest in March 2013, the Maryland federal court revoked his bail on November 19, 2013 . . . . Since then through April 2015 . . . Watford was detained pending trial under authority of [18 U.S.C.] § 3142 . . . .

      6.      In March 2014, codefendant Flinton Newton pled guilty to two counts in the then-pending superceding indictment and was sentenced on March 31, 2014 . . . . On November 24, 2014, the grand jury returned a third superceding indictment against Watford and his remaining codefendant, Juan Carlos Williams . . . . [N]ew counts charged Watford with three additional aggravated identity theft crimes, two committed while on release in his pending case, and three new access-device frauds, two committed while on release in the pending case . . . .

      7.      Watford went to trial before Senior Judge . . . Messitte on April 7, 2015. The jury found Watford guilty on April 16, 2015, of all 12 fraud-type counts . . . . Judge Messitte first set Watford's sentencing down for July 28, 2015 . . . , but . . . continued [the matter] to October 15, 2015 . . . . Following Watford's trial, the basis for his detention pending sentencing became 18 U.S.C. § 3143, rather than § 3142, as had been the case before the trial.

*Id*. at 2-5 (footnote and internal citations omitted).[2]

---

[2] The petitioner was found guilty of conspiracy to commit wire fraud, wire fraud or aiding and abetting wire fraud, aggravated identity theft, and credit card fraud, among other offenses, and the court imposed the following sentence:

> The defendant is hereby committed to the custody of the [Federal] Bureau of Prisons to be imprisoned for a total term of __87__ months concurrent as to Counts 1, 2, 3, 4, 5, 9, 11, and 13 of the 3rd Superseding Indictment. As to Count 6 of the 3rd Superseding Indictment, 24 months consecutive to all other Counts. As to Count 14 of the 3rd Superseding Indictment, 24 months concurrent to all other Counts. As to Count 10 of the 3rd Superseding Indictment, 24 months consecutive to all other Counts. As to Count 12 of the 3rd Superseding Indictment, 24 months concurrent to all other Counts. The total therefore is 135 months. The defendant shall receive credit for time served.

Judgment in a Criminal Case, *United States v. Watford*, No. 8:12-CR-00623 (D. Md. filed Oct. 22, 2015) at 4.

According to the petitioner, he has been detained unlawfully. *See* Pet. ¶¶ 2, 6-9, 12. Referring to the criminal proceedings in the District of Maryland, the petitioner challenged the search for and seizure of evidence used against him, *see id*. ¶¶ 8-9, the bases of the charges against him, *see id*. ¶¶ 6-7, and the jurisdiction of the court, *id*. ¶ 7. In addition, because "[a]ll claims against [his] person have been unfounded and the presiding judge has demonstrated a gross measure of bias," he asks "that Judge Peter Messitte . . . [r]ecuse himself from presiding over [his] case and that Prosecutor Adam Ake be replaced." *Id*. ¶ 17. The petitioner's "multiple appeals to the presiding judge . . . to release [him], *id*. ¶ 14, were unsuccessful.

The petitioner asks this Court to "inquire into the legality and appropriateness of [his] detention." Pet. at 2 (page number designated by ECF). In so doing, the petitioner asks this Court not only to review the decisions of another federal district judge, but also to intervene in then-ongoing proceedings in the District of Maryland. These are matters over which this Court lacks jurisdiction. *See Moore v. U.S. District Court for the District of Arizona*, No. 10-0434, 2010 WL 1005757, at *1 (D.D.C. Mar. 16, 2010) ("The powers conferred on the federal district courts do not include the power to review the decisions of other district courts or to force other district courts to act."); *Lasko v. McAvoy*, No. 12-0093, 2012 WL 171542, at *1 (D.D.C. Jan. 20, 2012) (dismissing prisoner plaintiff's complaint arising from federal judges' rulings in court proceedings), *aff'd*, No. 12-5035 (D.C. Cir. July 2, 2012).

Furthermore, as the respondent has observed, "[n]o matter how liberally [the petitioner's] *pro se* petition be construed, it amounts to an attack on the validity of the Maryland criminal case against him, and [the petitioner's] points can only be raised properly either on direct appeal to the U.S. Court of Appeals for the Fourth Circuit or by collateral attack in the U.S. District Court in Maryland, not by a *habeas* petition in this Court in the District of Columbia." U.S. Resp. at 7.

The petition for a writ of habeas corpus will be denied.  An Order is issued separately.

/s/
RUDOLPH CONTRERAS
United States District Judge

DATE:  December 8, 2015